**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Mar 12 2013, 9:11 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRIAN MAY**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JONATHAN R. SICHTERMANN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEVIN BURRELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A05-1208-CR-434 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable R. W. Chamblee, Jr., Judge
Cause No. 71D08-1111-FA-25

**March 12, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Kevin Burrell appeals his convictions for two counts of Class A felony attempted murder, two counts of Class C felony criminal recklessness, and a criminal gang activity sentence enhancement. He contends that there is insufficient evidence to sustain those convictions. We find that there is sufficient evidence to sustain his convictions and therefore affirm.

**Facts and Procedural History**

On October 22, 2011, Josh Boyle, Gage Burger, Malcolm Purnell-Griffin, and Amanda Heald hosted a party at their house in South Bend. The party grew throughout the night until there were roughly 100 people in the house. The four hosts realized the party was getting too large and that gang members were starting to show up, so they told everyone that the party was over and that everyone had to leave. The gang members present belonged to a gang known both as the Cash Out Boyz and Johnnyville.

One group of people outside, however, continued to demand that they be allowed into the party. Purnell-Griffin spoke to them because he recognized many of them, including Burrell, from school as a child. He explained that the party was over and that they needed to go. The group continued to demand entrance to the house, and when Purnell-Griffin continued to refuse, the group threatened to "air it out," meaning that they would "shoot[] it up." Tr. p. 288-89. The group then left, shouting "Cash Out" several times, an apparent reference to their membership in the Cash Out Boyz gang. After they left, the hosts went inside and closed and locked the door.

A short time later, the group returned to the house and began pounding on and kicking the door. Boyle opened the door a crack to see who was outside and someone forced the door open and began shooting. Boyle was hit with a graze wound to the chest. Purnell-Griffin, who had been in the kitchen with Heald, ran to Boyle's aid. Heald stayed in the kitchen. Purnell-Griffin and Burger pushed the door closed, but the group managed to fire more shots into the house, hitting Burger in the abdomen and shattering a mirror in the living room. Purnell-Griffin recognized one of the shooters as Burrell.

The State charged Burrell with two counts of Class A felony attempted murder, two counts of Class C felony criminal recklessness, and a criminal gang activity sentence enhancement. A jury trial was held and Burrell was found guilty on all counts. The trial court sentenced Burrell to thirty-five years on each attempted murder conviction, to be served consecutively, six years on each criminal reckless conviction, to be served concurrently to each other and concurrently to the second attempted murder conviction, and an additional thirty-five years on the first attempted murder conviction for the criminal gang activity enhancement, for an aggregate sentence of 105 years.

Burrell now appeals.

**Discussion and Decision**

Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency of the evidence claim, this Court does not reweigh the evidence or judge the credibility of the witnesses. *Bond v. State*, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010), *reh'g denied*, *trans. denied*. We consider only the evidence most favorable to the verdict and the reasonable inferences draw therefrom and affirm if the evidence

3

and those inferences constitute substantial evidence of probative value to support the verdict. *Id.* Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. *Id.*

## I. Attempted Murder and Criminal Recklessness

Burrell contends that there is insufficient evidence to sustain both his attempted murder and criminal recklessness convictions because the State failed to prove that he was the shooter. We disagree.

### A. Attempted Murder

Attempt is governed by Indiana Code section 35-41-5-1, which provides in relevant part:

> (a) A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. . . .

Murder is governed by Indiana Code section 35-42-1-1, which provides in relevant part:

> A person who:
>> (1) Knowingly or intentionally kills another human being . . .
>> commits murder, a felony.

Therefore, in order to be guilty of attempted murder, the State had to prove that Burrell took a substantial step toward the commission of murder when he shot Burger and Boyle with the specific intent to kill each of them.

The evidence presented at trial was sufficient for a reasonable jury to conclude that Burrell committed Class A felony attempted murder, as both Purnell-Griffin and Burger identified Burrell as the shooter. Purnell-Griffin testified that he recognized Burrell, someone he had known since childhood, as the shooter standing a few feet away

4

from him on the front porch when he tried to close the door. Tr. p. 285, 291. Purnell-Griffin also immediately identified Burrell as the shooter from a photo array without any equivocation. *Id.* at 353, 359-60. Burger testified in court that he was "100 percent positive" that Burrell was the shooter. *Id.* at 344. He also testified that he heard someone on the porch say "Kevin, let's go." *Id.* at 337. The State therefore presented sufficient evidence that Burrell took a substantial step toward the murders of Burger and Boyle by shooting at them inside the house.

Burrell argues, however, that Burger was unable to identify him as the shooter at the police station when looking at a photo lineup that contained Burrell's photo. He also argues that since Heald was unable to identify him as the shooter, the other witnesses must not have been able to sufficiently identify him as well. However, this is essentially asking us to reweigh the evidence, which we will not do. The evidence presented at trial is sufficient to support Burrell's two convictions for Class A felony attempted murder.

*B. Criminal Recklessness*

Class C felony criminal recklessness is governed by Indiana Code section 35-42-2-2, which provides in relevant part:

> (b) A person who recklessly, knowingly, or intentionally performs:
>> (1) an act that creates a substantial risk of bodily injury to another person; . . .
> commits criminal recklessness. Except as provided in subsection (c), criminal recklessness is a Class B misdemeanor.
>
> (c) The offense of criminal recklessness as defined in subsection (b) is:
>> \*　\*　\*　\*　\*
>> (3) A Class C felony if:
>>> (A) it is committed by shooting a firearm into an inhabited dwelling or other building or place where people are likely to gather; . . . .

As discussed above, the State provided sufficient evidence to establish that Burrell shot into the house where, in addition to Burger and Boyle, Purnell-Griffin and Heald also were. This is therefore sufficient to support Burrell's two convictions for Class C felony criminal recklessness.

## II. Criminal Gang Activity Enhancement

Burrell also contends that the State failed to provide sufficient evidence to sustain his criminal gang activity sentence enhancement. We disagree.

Indiana Code section 35-50-2-15 governs this sentencing enhancement and provides in relevant part:

> (b) The state may seek . . . to have a person who allegedly committed a felony offense sentenced to an additional fixed term of imprisonment if the state can show beyond a reasonable doubt that the person knowingly or intelligently:
> > (1) was a member of a criminal gang while committing the offense; and
> > (2) committed the felony offense at the direction of or in affiliation with a criminal gang.

At trial, the State provided testimony from Purnell-Griffin and South Bend Police Department Officer Gene Eyster that Burrell was a member of the Cash Out Boyz or Johnnyville gang, and testimony from Burger that Burrell was acting in affiliation with the gang when he shot into the house. Purnell-Griffin testified that Burrell, who he had known since childhood, was a member of Cash Out Boyz or Johnnyville. Tr. p. 284-85. Additionally, Officer Eyster testified that Cash Out Boyz and Johnnyville were different names for the same criminal gang. *Id.* at 420. He then testified that he was able to confirm that Burrell was a member of the gang independently from Purnell-Griffin's

6

testimony. *Id.* at 420-21. Finally, Burger testified that the group outside, including Burrell, were yelling "Cash Out" and "saying they were going to air the place out" when they were told to leave the house. *Id.* at 331. This is sufficient evidence for a jury to reasonably infer that Burrell was a member of a criminal gang and acting in affiliation with a criminal gang when he shot into the house. We therefore uphold Burrell's criminal gang activity sentence enhancement.

Affirmed.

BAILEY, J., and BROWN, J., concur.